# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID W. ROMANIK,

    Plaintiff,

v.                                                            No. CV 11-0138 JP/WDS

FIRST JUDICIAL DISTRICT COURT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has filed an Application For Free Process And Affidavit Of Indigency, which is construed herein as a motion for leave to proceed under 28 U.S.C. § 1915 ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the New Mexico First Judicial District Court as the sole Defendant. Plaintiff alleges that he was arrested on false charges, he continues to be detained without evidence, and he has been denied his right to a speedy trial and to view evidence. He contends that the state court's actions in the criminal proceeding have violated his constitutional rights, and he seeks damages.

This Court may not grant relief on Plaintiff's claims for damages against the New Mexico First Judicial District Court.

> A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. [Plaintiff] named as the sole defendant in this action the [state district court], an entity [that] is an arm of the state. The Supreme Court held in *Will*[ *v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)] that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." As we explained in *Harris*[ *v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995)], "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes. Having sued only the [court]. . . , [Plaintiff] has failed to state a claim against a person covered by section 1983.

*McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted). Stated otherwise, "[i]n these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Plaintiff's allegations against the state court do not state a claim against a person under § 1983. The court will dismiss Plaintiff's claims against Defendant.

Dismissal is also required even if the Court were to construe Plaintiff's claims as directed

at the judge identified in the text of the complaint. The Court of Appeals for the Tenth Circuit has held that New Mexico judges have absolute immunity from actions for damages based on acts committed within the apparent scope of their judicial duties. *See Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 814-15 (10th Cir. 1981). Plaintiff makes no allegation that the state judge acted outside his judicial duties, and the Court will dismiss his complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application For Free Process And Affidavit Of Indigency (Doc. 2), construed herein as a motion for leave to proceed under 28 U.S.C. § 1915, is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's civil rights complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE